UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO F. BARRAILLIER,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MUNIZ, et al.,<br><br>Defendants. | Case No. 19-cv-08330-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Mario Barraillier alleges that Salinas Valley prison guards used excessive force on him in violation of the Eighth Amendment. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).[1]

Barraillier has stated claims against prison guards J. Alvarez, R. Ramirez, A. Virrueta, K. Bock, J. Lopez, and E. Sanchez. All other claims and defendants are DISMISSED. I direct defendants to file a dispositive motion in response to the complaint,

---

[1] The operative complaint is Dkt. No. 13, which plaintiff asks me to regard as a supplemental complaint. The motion is denied as unnecessary because I regard Dkt. No. 13 as the operative complaint in this action.

or a notice regarding such motion, on or before **November 16, 2020.**

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Barraillier alleges that on March 8, 2018 at Salinas Valley State Prison, while he was in the medical unit, prison guards J. Alvarez and R. Ramirez used excessive force on him. (Dkt. No. 13 at 10-11.) He further alleges prison guards A. Virrueta, K. Bock, J. Lopez, and E. Sanchez failed to intervene to stop the attack. (*Id.*) When liberally construed, Barraillier has stated (i) Eighth Amendment excessive force claims against

2

1  Alvarez and Ramirez, and (ii) Eighth Amendment failure-to-protect claims against
2  Virrueta, Bock, Lopez, and Sanchez.  Barraillier also has stated state tort claims of battery,
3  negligence, intentional infliction of emotional distress, and a claim under California Civil
4  Code § 52.1 (The Tom Bane Civil Rights Act) against these same defendants.  (Id. at 14-
5  16.)

6  All other claims and defendants are DISMISSED.  Barraillier names the warden
7  William Muniz as a defendant, but states no facts directly linking him to the acts of the
8  prison guards.  Defendants cannot be held liable for a constitutional violation under 42
9  U.S.C. § 1983 "unless they were integral participants in the unlawful conduct." *Keates v.*
10 *Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).  Furthermore, there is no respondeat superior
11 liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  It is not enough
12 that the supervisor merely has a supervisory relationship over the defendants; the plaintiff
13 must show that the supervisor "participated in or directed the violations, or knew of the
14 violations and failed to act to prevent them."  *Id*.  Nothing in the allegations shows Muniz
15 participated in, directed, or otherwise was integral to, the alleged violations.  All claims
16 against Muniz are DISMISSED.

17 Barraillier also names as defendants the medical staff who were present at the time
18 of the alleged attack but did not intervene:  Giraccia, a nurse; M. Hunter, a nurse; H.
19 Ibrahimi, a doctor; Preetranjan K. Sahota, a doctor; and Baldonado, a nurse.  While
20 medical staff have a constitutional obligation to provide constitutionally adequate medical
21 care, there is no obligation that they intervene in a physical attack on a prisoner by a guard.
22 All claims against Giraccia, Hunter, Ibrahimi, Preetranjan K. Sahota, and Baldonado are
23 DISMISSED.

24 Barraillier's claims against Salinas Valley State Prison on grounds of municipal
25 liability are also DISMISSED.  He alleges that official policy makers knew or should have
26 known that their employees would use excessive force and would fail to protect him.  (Dkt.
27 No. 13 at 7-9.)  Local governments are "persons" subject to liability under 42 U.S.C. §
28 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of*

United States District Court
Northern District of California

*Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show:  (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Even if Salinas Valley State Prison could be considered a municipality, Barraillier's allegations fail to show that there was a written or unwritten policy that tolerated, urged, encouraged, supported or ratified the alleged failures of the employees.  Mere supposition and speculation that there are such policies are insufficient.

Barraillier mentions Lieutenant D. Meredith, but does not list him as a defendant in the caption and alleges no specific allegations against this person. (Dkt. No. 13 at 5.) Accordingly, all claims against Meredith are DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter **(Dkt. No. 13)**, all attachments thereto, and a copy of this order upon Salinas Valley prison guards J. Alvarez, R. Ramirez, A. Virrueta, K. Bock, J. Lopez, and E. Sanchez.  The Clerk shall also mail courtesy copies of the complaint **(Dkt. No. 13)** and this order to the California Attorney General's Office.

2.  On or before **November 16, 2020**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a.  If defendants elect to file a motion to dismiss on the grounds plaintiff

failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

        b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

    4.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order. Such requests must be made directly to jail officials, not to the court.

8. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

6

1 timely fashion.  Failure to do so may result in the dismissal of this action for failure to
2 prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3     11. The Clerk shall TERMINATE William Muniz, Giraccia, M. Hunter, H.
4 Ibrahimi, Preetranjan K. Sahota, and Baldonado as defendants.  All claims against them
5 are DISMISSED.

**IT IS SO ORDERED.**

Dated:  August 10, 2020



WILLIAM H. ORRICK
United States District Judge