UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO F. BARRAILLIER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ALVAREZ, et al.,<br><br>    Defendants. | Case No. 19-cv-08330-WHO (PR)<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>Dkt. No. 21 |

## INTRODUCTION

Plaintiff Barraillier moves for the appointment of counsel. (Dkt. No. 21.) His grounds are that (i) he would be better represented by having counsel; (ii) he lacks the money to hire counsel; and (iii) his age and physical and mental infirmities make it difficult for him to prosecute this federal habeas action. The first two grounds, while no doubt true, are insufficient under our precedents. The third is also insufficient; despite Barraillier's quite serious history of mental and physical infirmities, he is able to represent himself without counsel at this stage in the proceedings. All his filings are clear, well-reasoned, and appear in highly readable handwriting. Furthermore, the issues in his complaint are not complex, and he has ably articulated them. The motion is DENIED.

## BACKGROUND

Barraillier contends that his physical and mental infirmities weigh in favor of the appointment of counsel. In support, he attached to his motion a neurological consultation report dated July 15, 2009 from the Kern County Neurological Medical Group, Inc. (Mot. for Counsel, Neurological Consultation Report, Dkt. No. 21 at 16.) The salient fact is that in 1992 Barraillier sustained a head injury that resulted in his being in a coma for three

1  days. (*Id.*) He had surgery, soon after which he had a seizure. (*Id.*) According to the
2  report, his last seizure was nine months before the date of the report, and that (therefore) he
3  had not had a seizure in 2009 thus far. (*Id.*) He was taking Dilantin and gabapentin. (*Id.*)
4  He claimed to have had a stroke six months earlier and was experiencing left-sided
5  weakness. (*Id.*)

6  According to the report, his seizures were diagnosed as "post traumatic migraine
7  headaches and post traumatic seizures." (*Id.*) The scanning indicated "a history of
8  bifrontal and contusions and encephalomalacia." (*Id.*) An MRI from January 2006
9  "revealed small areas of encephalomalacia and gliosis in the bilateral anterior frontal lobe
10 and left anterior temporal lobe consistent with posttraumatic brain injury." (*Id.*) His brain
11 scan was "unremarkable," however. (*Id.*) He presented as "pleasant and easily
12 examined," and "mentally alert" and "appropriate." (*Id.*) This neurological report is
13 eleven years old. In his motion, Barraillier contends that he is an epileptic. (*Id.* at 3.)

14 Set against this serious history of mental and physical infirmities are the quite clear
15 filings presented by Barraillier. Without exception, his contentions are clearly and orderly
16 presented, both in articulating his thoughts and arguments and in presenting them to the
17 Court in his quite clear handwriting. This includes his 17-page complaint and the present
18 18-page motion.

19 Also set against this history is that the issues presented in the complaint are not
20 complex. Barraillier alleges that he was attacked by guards and that other staff failed to
21 intervene. There is nothing novel or complex about these facts or the legal issues they
22 present.

### STANDARD OF REVIEW

24 The decision to request counsel to represent an indigent litigant under 28 U.S.C.
25 § 1915 is within "the sound discretion of the trial court and is granted only in exceptional
26 circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of
27 "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's
28 success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro

se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel.  United States Courts for the Ninth Circuit, 2017 Annual Report 40 (2018), available at https://www.ca9.uscourts.gov/judicial_council/ publications/ AnnualReport2017.pdf.  Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

## DISCUSSION

At least at this stage of the proceedings, Barraillier has not shown that exceptional circumstances exist.  His indigency and the possibility that he would be better served by having counsel are not exceptional circumstances.  *Rand*, 113 F.3d at 1525.

Also, despite his physical and mental infirmities, Barraillier is able to represent himself in this action without counsel.  His filings are clearly articulated and legibly written.  This is evidenced by the fact that his 17-page complaint was served as originally filed and no amendments are required.  Likewise, his present motion is roughly 18 pages of clear, well-reasoned contentions, including case citations and supporting documentation.

## CONCLUSION

Barraillier's motion for the appointment of counsel is DENIED.  (Dkt. No. 21.) When I review a motion for summary judgment in this case and can evaluate Barraillier's likelihood of success on the merits, I will reconsider the necessity of appointing counsel.

This order terminates Dkt. No. 21.

**IT IS SO ORDERED.**

**Dated:** October 13, 2020



WILLIAM H. ORRICK
United States District Judge