UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO F. BARRAILLIER,<br><br>Plaintiff,<br><br>v.<br><br>J. ALVAREZ, et al.,<br><br>Defendants. | Case No. 19-cv-08330-WHO (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 41 |

## INTRODUCTION

Plaintiff Mario F. Barraillier alleges in this 42 U.S.C. § 1983 suit that two Salinas Valley prison guards used excessive force on him on March 8, 2018, and other guards failed to intervene. He raises both federal and state law claims. Defendants move for summary judgment because he failed to exhaust administrative remedies prior to filing suit and failed to comply with the state's presentation requirement regarding tort claims. Exhaustion and presentation of tort claims prior to filing suit against a state entity or official are mandatory. Barraillier failed to oppose the motion and never asked for an extension of time to file an opposition. In light of the record before me, defendants' motion for summary judgment is GRANTED.

## BACKGROUND

Barraillier alleges that on March 8, 2018, while he was in the medical unit at Salinas Valley State Prison, guards Alvarez and Ramirez used excessive force on him in violation of the Eighth Amendment. He further alleges guards Bock, Virrueta, Sanchez, and Lopez were present, but failed to intervene to stop the attack. (Order of Service, Dkt. No. 19 at 2-3.)

### (a) Initial Submission at the California Healthcare Facility

On May 18, 2018, Barraillier, while housed at the California Healthcare Facility (CHCF) in Stockton, filed an inmate grievance regarding the March 2018 events at Salinas Valley State Prison (SVSP). (Mot. for Summ. J. (MSJ), Dkt. No. 41 at 10.) CHCF received the grievance on May 22; it was given Institutional Log No. CHCF-B-18-01930. (*Id.*) In the grievance, Barraillier alleged that on May 16, 2018 he received at CHCF a "u-save 'em" envelope that contained an inmate appeal dated March 8, 2018, with two Form 22s attached. (*Id.*) In the May 2018 grievance, he stated that the documents in the envelope grieved the "same issue"; that he received no reply to the March grievance; and that he was "lucky they didn't throw it away." (*Id.*) He asked that his original March 8, 2018 grievance and Forms 22 (which he included with the CHCF grievance) be submitted to the appeals coordinator. (*Id.*)

In that supposedly original March 8 grievance, Barraillier alleged that on March 8, 2018, he was taken to the medical unit at Salinas Valley following a seizure. (*Id.*) He woke up to find Officers Ramirez and Alvarez attacking him, while other guards failed to intervene. (*Id.*) The grievance (including the submission date) is written in blue ink. (*Id.* at 10-11.) Defendants point out that the "the day and month are written over in black ink to read '3/8.'" (*Id.* at 11.) The CHCF May 18 grievance is written in black ink. (*Id.*) Defendants also point out that the "Form 22s Barraillier alleges he included with his 'original' submission dubiously dated '3/8/18,' post-date the date of submission and are dated March 12, 2018 and March 21, 2018, respectively." (*Id.*) They also contend that "there is no indication that Barraillier's alleged 'original' March 8, 2018 submission was received at any institution before being included as part of Barraillier's May 18, 2018 grievance." (*Id.*) They state that the sections titled "for staff use only" have "no markings other than those associated with its processing by the CHCF Appeals Office on May 22, 2018." (*Id.*)

Realizing the grievance concerned events at Salinas Valley, the CHCF Appeals Office forwarded CHCF-18-01930 to the Salinas Valley Appeals Office and informed

1  Barraillier of their action through correspondence dated May 22, 2018.  (*Id.*)

### (b) Grievance Proceedings at Salinas Valley

The SVSP Appeals Office received CHCF-18-01930 on May 22, 2018 and gave it Institutional Log No. SVSP-L-18-03039.  (*Id.*)  Defendants contend that the SVSP Appeals Office "has no record of receiving an inmate appeal from Barraillier in 2018 prior to CHCF's forwarding of CHCF-18-01930 on May 22, 2018."  (*Id.*)  The appeals office also has no record "reflecting the return of an unprocessed or screened-out inmate appeal to Barraillier at any time between March 8, 2018 and the receipt of SVSP-L-18-03039 on May 22, 2018."  (*Id.*)

On June 13, 2018, Barraillier was interviewed by telephone to discuss the appeal. (*Id.*)  The next day, June 14, a Second Level Response issued in which it was declared that "after an inquiry was conducted, no staff member violated CDCR policy with respect to Barraillier's excessive force claims."  (*Id.*)  The Second Level Response informed Barraillier that to appeal the denial "he was required to submit his appeal through all levels of review and that administrative remedies would not be considered exhausted until a decision had been rendered at the Third Level."  (*Id.* at 11-12.)  The response was delivered to Barraillier on June 28, 2018.  (*Id.* at 12.)

Seven months later, on January 28, 2019, Barraillier submitted to the Office of Appeals his appeal of the Second Level Response.  (*Id.*)  "In Section F of the appeal, Barraillier stated his disagreement with the decision below and, presumably in an effort to explain the untimeliness of his appeal to the third level, indicated that he only received the second level response two weeks ago."  (*Id.* at 12.)  Rather than using the proper CDCR 602-A form when additional space is needed, he included "a second, previously unsubmitted, CDCR 602 form where he merely reiterated his arguments in Section F of that form and referenced three Form 22s as additional supporting documents."  (*Id.*) Defendants contend the "three Form 22s were presumably offered by Barraillier to corroborate his claim of only recently receiving the second level decision and to explain the untimeliness of his appeal to the third level."  (*Id.*)

3

The appeal was received on January 31, 2019 and given Appeal Log No. 1819429. (*Id.*) On March 28, 2019, it was rejected because plaintiff failed to submit the original appeal form. (*Id.*)

Defendants state that "[s]ubmission of the original appeal form is an important requirement to maintain the integrity of the appeal process at the Third Level of Review and to safeguard against modifications, revisions, or changes to the inmate's original appeal." (*Id.*) "Only the original appeal form is accepted at the Third Level of Review." (*Id.*) If the inmate does not have the original, they are told that a replacement copy "may be obtained from institutional staff who will stamp the replacement copy 'Treat as Original' in red ink." (*Id.*) A "Use as Original" stamp is not "consistent with the protocols in place at the time of Barraillier's appeal necessary to ensure the integrity of the appeal process." (*Id.*)

A letter was sent to Barraillier informing him of the rejection, the reasons the appeal was rejected, and what corrective action was required:

> Only the original appeal form is accepted at that Third Level of Review. If you do not have the original document, see your Appeals Coordinator for a replacement copy, stamped 'Treat as Original' in red ink by the institution. The Appeals Coordinator will determine whether or not it is appropriate to give you a stamped copy.

(*Id.* at 13.)

Barraillier did not resubmit SVSP-L-18-03039/CHCF-18-01930 for further review at the third level after its March 28, 2019 rejection, though he did submit it as part of a separate appeal (No. SAC-19-01767, discussed below) to the Appeals Office in Sacramento. (*Id.*) According to defendants, Barraillier could have asked for a "Treat as Original" copy of the appeal from the Salinas Valley Appeals Office, but he did not do so. (*Id.*)

**(c)   Grievance Proceedings in Sacramento**

On April 24, 2019, Barraillier submitted a new and separate grievance (No. SAC-19-01767) to the Appeals Office at California State Prison, Sacramento (SAC). (*Id.*) In

4

that grievance, Barraillier asked for a "treat as original" stamped copy of his appeal SVSP-18-03039/CHCF-18-01930. (*Id.*)

His request was rejected on May 1 at the first level of review because a request for a "Treat as Original" (TAO) copy was not a proper subject for an inmate grievance. (*Id.*) A letter was sent to him with this information, and it advised him to put his request to the facility that processed his appeal. (*Id.*)

On June 17, Barraillier submitted SAC-19-01767 directly to the third level of review and added nothing more to his 602 form. He did include some attachments, including "portions of his submission in SVSP-L-18-03039/CHCF-18-01930, an Inmate Appeal Assignment Notice, portions of the prior incident report, correspondence from the Monterey County District Attorney's Office, a handwritten note, various Form 22s, a general chrono to his central file, and an Office of Appeal Inmate Appeal history IATS printout dated March 4, 2019." (*Id.* at 13-14.) The submission was received on June 19 and was rejected on July 17 because Barraillier improperly bypassed the lower levels of review. (*Id.* at 14.) A letter was sent to Barraillier informing him of the decision and the reasons behind it. (*Id.*)

On August 20, Barraillier resubmitted SAC-19-01767 to the third level of review after the July 17 rejection by that same office. (*Id.*) His resubmitted appeal included "an additional blank CDCR 602 form, filling out the informational section of the first page, signing and dating his submission '8/20/19,' and completing Section D—the section of the form asking the inmate to explain the basis of their dissatisfaction with the first level decision." (*Id.*) In Section D, Barraillier said his appeal (presumably SVSP-L-18-03039/CHCF-18-01930) was untimely because he did not receive a timely first level response. (*Id.*) Barraillier offered no reason for resubmitting his appeal after it was rejected, nor did he re-raise his request for a "treat as original" copy of SVSP-L-18-03039/CHCF-18-01930 in his supplemental 602 form. (*Id.*) Barraillier "again included various attachments very similar, but not identical, to his prior submission." (*Id.*)

The resubmitted appeal was received on August 22 and rejected on October 14

1  because Barraillier had improperly bypassed the lower levels of review.  (*Id.*)  He was sent
2  a letter that same day informing him that his appeal was being forwarded to the appeals
3  coordinator at SAC.  (*Id.*)

4  On October 17, the SAC Appeals Office received SAC-19-01767 from the Office of
5  Appeals following the second rejection of the grievance, and on October 23 rejected it.
6  (*Id.* at 15.)  A letter was sent to him that same day along with his documents.  (*Id.*)  He was
7  told that a request for "Treat as Original" copies was not "an appropriate subject for an
8  inmate appeal and that the request should be made to the institution that processed the
9  appeal."  (*Id.*)  The letter also informed Barraillier he could submit an appeal to the SAC
10 Appeals Office about a prison's failure to respond to such a TAO request, and that such an
11 appeal would be sent to the appropriate authorities.  (*Id.*)

12 "From 2019 through 2020, Barraillier submitted no less than 20 other inmate
13 appeals to the SAC Appeals Office."  (*Id.*)  Two were granted at the first level of review,
14 but none grieved the fact that the SVSP Appeals Office did not provide a TAO
15 replacement copy of SVSP-L-18-03039/CHCF-18-01930.  (*Id.*)

16 Neither the CHCF Appeals Office nor the SVSP Appeals office has any record of
17 receiving any TAO request from Barraillier.  (*Id.*)  (Any such request would have to be
18 processed and fulfilled by the SVSP Appeals Office as that is where the incident occurred.
19 (*Id.*)).  Although Barraillier submitted two more inmate appeals to SVSP, neither one was
20 a TAO request nor contained any documents indicating any such request had been made in
21 the past.  (*Id.*)

22 On January 4, 2019, the SVSP Appeals Office received a Form 22 from Barraillier
23 while he was at SAC in which he asked about the status of SVSP's response to SVSP-L-
24 18-03039.  (*Id.* at 16.)  A copy of SVSP's response was sent to him that same day.  (*Id.*)

25 **(i)  California Government State Tort Claims Act**

26 The California Tort Claims Act requires a person to present his claim to the
27 California Victim Compensation and Government Claims Board before he may file an
28 action for damages against a California governmental entity or employee "for death or for

6

1  injury to person or to personal property." Cal. Gov't Code § 911.2.  Defendants have
2  submitted undisputed evidence that Barraillier did not comply with the presentation
3  requirement.  "A diligent search of the records maintained by the Government Claims
4  Program which reviews government claims submitted in California reflects no claims filed
5  by Barraillier from January 1, 2018 through October 20, 2020." (MSJ, Dkt. No. 41 at 28;
6  Tucay Decl., Dkt. No. 41-5 at 2.)

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c).  The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with

7

reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted)

**DISCUSSION**

**i.  Exhaustion of Federal Claims**

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act (PLRA). *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is required to exhaust the grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Blake*, 136 S. Ct. at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2006)). Unless the administrative process is not available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Id.* at 1856. "[T]hat mandatory language means a court may not excuse a failure to exhaust." *Id.*

Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Ngo*, 548 U.S. at 90. The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 ("15 CCR"), § 3084.1(a). To exhaust available administrative remedies within this system, a prisoner must proceed through three levels of appeal, use the proper forms, and adhere to the regulations regarding submission and appeal. *Ngo*, 548 U.S. at 90; 15 CCR §§ 3084.2(a); 3084.7. A substantive decision at the third level of review exhausts all available administrative remedies. *Ngo*, 548 U.S. at 85-86; 15 CCR § 3084.7(d)(3). If an appeal is erroneously accepted at a lower level, that fact

does not bar the next level of review from taking appropriate action, including rejection or cancellation of the appeal.  15 CCR § 3084.6(a)(5).

Under § 3084.8(b), an inmate must submit an appeal within 30 days of either the incident being appealed; having knowledge of the action or the decision being appealed; or receiving an unsatisfactory response to an appeal.  If an appeal is cancelled, it shall not be accepted for substantive review until the cancellation decision is itself reversed on further appeal.  *Id.* § 3084.6(e).  If an appeal is cancelled at the third level of review, any appeal of that cancellation decision shall be made directly to the third level.  *Id.*

Defendants have presented undisputed evidence that Barraillier failed to exhaust his administrative remedies.  His appeal of SVSP-L-18-03039/CHCF-18-01930 to the third level was rejected because he did not provide the original copy of his appeal, and there is no record of Barraillier resubmitting his appeal.  A rejection of an appeal does not exhaust administrative remedies.  15 CCR § 3084.1.  Because of this, Barraillier failed to exhaust any claims raised by grievance SVSP-L-18-03039/CHCF-18-01930.

Defendants also have presented undisputed evidence that Barraillier's request for a TAO copy of SVSP-L-18-03039/CHCF-18-01930, a request given the number of SAC-19-01767, did not exhaust his administrative remedies.  First, it was a request for a copy, not a grievance of the claims in SVSP-L-18-03039/CHCF-18-01930.  Second, his request was repeatedly rejected.  His first attempt was rejected because his request was not the proper subject for an inmate appeal.  He was informed of this and also told how to properly go about obtaining what he sought.  Rather than follow these instructions, Barraillier sent his rejected appeal — a month and a half after he received the decision — to the third level of review.  This resubmission was rejected because Barraillier improperly bypassed the lower levels of review.  Barraillier then resubmitted this rejected appeal to the third level of review, where it was rejected again.  There is no record that Barraillier ever tried again to obtain a proper review at the third level.  So, even if SAC-19-01767 could, if submitted in compliance with regulations, constitute a proper attempt at exhausting his federal claims, the appeal's rejection means his claims still are unexhausted.

It is apparent that Barraillier took some efforts to exhaust his administrative remedies, but he did not follow the pertinent exhaustion requirements that were explained to him. He also did not file an opposition to the motion for summary judgment to explain his conduct. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). This is so even if the failure to oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). But a court may, as here, grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The evidence presented by defendants supports their motion for summary judgment. In contrast, Barraillier has presented no evidence that he exhausted his administrative remedies. The movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment on his federal claims is GRANTED.

**ii.     State Claims**

The California Tort Claims Act, *see* Cal. Gov't Code §§ 810, et seq., requires a person to present his claim to the California Victim Compensation and Government Claims Board (Board) before he may file an action for damages against a California governmental entity or employee "for death or for injury to person or to personal property." Cal. Gov't Code § 911.2; *see* Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. A claimant must present his claim to the Board within six months of the accrual of the cause of action. *See* Cal. Gov't Code § 911.2. Additionally, an action against a governmental

10

entity or employee covered by the claims-presentation requirement must be filed within six months following written notice of rejection of the claim by the Board. *See* Cal. Gov't Code § 945.6(a)(1). Timely claim presentation is "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004). A failure to comply with the presentation requirement bars review of state tort claims in federal court. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) (citing *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), rev'd on other grounds, 480 U.S. 709 (1987)).

Barraillier's state claims are barred because he did not present his claims to the California Victim and Compensation and Government Claims Board. Defendants have presented undisputed evidence that Barraillier did not comply with it: "A diligent search of the records maintained by the Government Claims Program which reviews government claims submitted in California reflects no claims filed by Barraillier from January 1, 2018 through October 20, 2020." (MSJ, Dkt. No. 41 at 28; Tucay Decl., Dkt. No. 41-5 at 2.) Barraillier has presented no evidence that he complied with the presentation requirement. The movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Summary judgment will be granted in favor of defendants on the state law claims.

## CONCLUSION

Accordingly, defendants' motion for summary judgment is GRANTED. (Dkt. No. 41.) The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** August 16, 2021

WILLIAM H. ORRICK
United States District Judge

11